NOT FOR PUBLICATION                                                     CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERRY TUCKER, et al.,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>ALLIED PROFESSIONALS INSURANCE CO.,<br><br>　　　　　　Defendant. | Civil Action No.: 14-5977 (JLL)<br><br><br>**OPINION** |

　　　　This matter comes before the Court by way of Defendant's motion to dismiss Plaintiff's Third Party Complaint with prejudice and for attorney's fees and costs [Entry No. 14].  This Court referred Defendant's motion to the Honorable Joseph A. Dickson, United States Magistrate Judge, pursuant to 28 U.S.C. § 636 (b)(1)(B).  Magistrate Judge Dickson filed a Report and Recommendation on January 14, 2015, recommending that Defendant's motion be denied as moot inasmuch as a Stipulation of Dismissal (without prejudice) had been filed by Plaintiffs on October 30, 2014, and, as such, "the action was no longer pending in the District Court upon the filing of the Notice." (Entry No. 26 at 6).  The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.  For the reasons set forth below, the Court adopts Magistrate Judge Dickson's Report and Recommendation and denies Defendant's motion to dismiss Plaintiff's Third Party Complaint with prejudice and for attorney's fees and costs.

**1.　　Background**

　　　　The following relevant facts are not in dispute.  On July 17, 2014, Third Party Plaintiffs Jerry Tucker and C&J Realty (hereinafter, Plaintiffs) filed, *inter alia*, a Third Party Complaint

against Allied Professionals Insurance Company (hereinafter, Defendants) in the Superior Court of New Jersey, Law Division, Middlesex County. Plaintiffs' Third Party Complaint sought:

> A declaration by this Court that it is entitled to insurance coverage, including legal defense, for the claims made by plaintiff in this action and an Order requiring Third Party Defendant, Allied Professionals Insurance Company, to take over the legal defense and provide primary insurance coverage and full indemnification for defendants, Jerry Tucker and C&J Realty, in this action.

(Entry No. 1-2 at 8). Defendant removed this matter to this Court on September 24, 2014. This Court's jurisdiction is premised on diversity of citizenship, 28 U.S.C. § 1332.

On October 1, 2014, Defendant filed a motion to dismiss the Third Party Complaint for improper service pursuant to Federal Rule of Civil Procedure 12(b)(5). On October 10, 2014, Defendant filed a motion to compel arbitration and to stay the instant proceedings pursuant to the Federal Arbitration Act. On October 30, 2014, Plaintiffs filed a Voluntary Stipulation of Dismissal Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a). The Voluntary Stipulation of Dismissal was "SO ORDERED" by the Court on October 31, 2014 and the case was closed.

On November 14, 2014, defendant filed a motion to dismiss the Third Party Complaint with prejudice and for attorney's fees and costs. This Court referred Defendant's motion to Magistrate Judge Dickson pursuant to 28 U.S.C. § 636 (b)(1)(B). On January 14, 2015, Magistrate Judge Dickson entered his decision, recommending that Defendant's motion be denied, in its entirety, as moot. Currently before the Court is Magistrate Judge Dickson's January 14, 2015 Report and Recommendation, as well as Defendant's January 28, 2015 objection thereto.

**2.     Legal Standards**

When a magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss or to remand an action to state court, a magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1c(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(c); *see also* L. Civ. R. 72.1c(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it. *See United Steelworkers of Am. v. N.J. Zinc Co., Inc.,* 828 F.2d 1001, 1005 (3d Cir. 1987).

When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1c(2).

**3.     Discussion**

There is no dispute that: (1) Plaintiffs' Voluntarily Stipulation of Dismissal was procedurally proper given that Defendant had not yet served an Answer or motion for summary judgment;[1] (2) a proper stipulation (or notice) of dismissal "deprives the district court of jurisdiction to decide the merits of the case;"[2] and (3) "a district court [nevertheless] retains jurisdiction to decide 'collateral' issues—such as sanctions, costs, and attorneys' fees—after a

---

[1] *See* Federal Rule of Civil Procedure 41(a)(1)(A)(i); *see also In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008).

[2] *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d at 165-66.

plaintiff dismisses an action by notice;"[3] provided that such determination does not involve an "assessment of the legal merits of the complaint."[4]

Defendant challenges Magistrate Judge Dickson's determination that the issue of attorney's fees and costs was not "collateral" to the issues raised in the Third Party Complaint inasmuch as it would require the Court to consider the merits of the case. To the contrary, Defendant maintains that "under *Cooter & Gell*, a district court retains jurisdiction to address collateral issues, following a plaintiff's dismissal, unless such a determination requires the district court to assess the legal merits of the complaint." (Entry No. 27 at 4).

In concluding the issue of attorney's fees and costs was now moot by virtue of Plaintiff's Voluntary Stipulation of Dismissal, Magistrate Judge Dickson held:

> Here, [Defendant's] motion requests that the Court dismiss the action with prejudice and award attorney's fees and costs to the Defendants. In support of its argument, [Defendant] argues "Tucker and C&J Realty are contractually obligated to arbitrate their dispute with [Defendant], not to litigate it. Therefore, the dismissal should reflect this fact, and should be with prejudice. [Defendant] further contends, "[T]he operative agreement provides that a prevailing party 'shall recover' their reasonable legal fees and costs incurred in moving to compel arbitration." (*Id*. at 2-3). This Court finds that such a determination would require the Court to substantively consider the arbitration clause at issue. Such an analysis would be improper since it would require the Court to consider the merits of the case.

(Entry No. 26 at 6-7). In support of its objection, Defendant argues that: (1) the relevant caselaw does not define "collateral" in such a way that prevents a district court from addressing "collateral" issues that happen to overlap with the "merits" of the case or of other motions that have been

---

[3] *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d at 166 (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396–98 (1990)).

[4] *Cooter & Gell*, 496 U.S. at 396.

submitted to the Court; and (2) in any event, the Court may address Defendant's request for "collateral relief without in any way assessing the merits of [Plaintiff's Third Party] Complaint." (Entry No. 27 at 4).

As to Defendant's first request—that the dismissal of this matter be with prejudice, as opposed to without prejudice—Defendant maintains that Plaintiffs are "contractually obligated" to arbitrate the dispute at issue, "not to litigate it. Therefore, the dismissal should reflect this, and should be with prejudice." (Entry No. 14 at 2). Because Plaintiffs chose to *litigate* their dispute with Defendants, the Court concludes that any determination as to whether Plaintiffs were contractually obligated to *arbitrate* said dispute necessarily implicates the merits of Plaintiff's case. As such, the Court agrees with Magistrate Judge Dickson that such determination is not collateral to Plaintiff's case, and that Defendant's request in this regard is now moot given that Plaintiff's Third Party Complaint has now been dismissed.

As to Defendant's second request—for attorney's fees and costs relating to this action—such request appears to be brought on two grounds: (1) pursuant to Federal Rule of Civil Procedure 54 (Entry No. 14 at 2), and (2) pursuant to the alleged terms of the arbitration agreement that was allegedly entered into by the parties in this matter (Entry No. 14 at 5). To the extent Defendant's request for attorney's fees and costs is premised on its alleged status as the "prevailing party" under the alleged terms of the arbitration agreement allegedly governing the parties' dispute, the Court agrees with Magistrate Judge Dickson that such a determination would necessarily implicate the merits of Plaintiffs' case (which is premised on the theory that their dispute with Defendant can and should be litigated, not arbitrated). As such, the Court agrees with Magistrate Judge Dickson that such a determination is not collateral to Plaintiff's case, and that Defendant's request in this regard is now moot given that Plaintiff's Third Party Complaint has now been dismissed.

To the extent Defendant seeks attorney's fees and/or costs pursuant to Federal Rule of Civil Procedure 54, the Court finds that such request was never properly presented to or clearly articulated before Magistrate Judge Dickson in the first instance. For example, Defendant argues that because Plaintiffs dismissed the action, Defendant should be awarded its costs as the "prevailing party" under Rule 54(d). But Defendant cites to no binding legal authority—from the Court of Appeals for the Third Circuit—construing the scope of "prevailing party" under Rule 54(d), particularly within the context of cases that have been voluntarily dismissed (with or without prejudice). Nor does Defendant present any compelling legal argument suggesting that its entitlement to attorney's fees or costs under Rule 54(d) can be determined without reference to the merits of Plaintiff's underlying case. To the contrary, Defendant's arguments conflate its alleged entitlement (to fees and costs) under the terms of the arbitration agreement with its entitlement under Rule 54(d). In light of the foregoing, and in the interest of fairness, the Court will allow Defendant to file a separate application for attorney's fees and/or costs under Federal Rule of Civil Procedure 54(d). Such application shall <u>not</u> relitigate the issues that have already been addressed herein.

**4.     Conclusion**

Having thoroughly reviewed Magistrate Judge Dickson's January 14, 2015 Report and Recommendation, including Defendant's objection thereto, this Court hereby adopts said Report and Recommendation as the findings of fact and conclusions of law of this Court, as explained more fully herein [Entry No. 26], and thus denies Defendant's motion to dismiss the Third Party Complaint with Prejudice and/or for attorney's fees and costs [Entry No. 14]. To the extent Defendant seeks attorney's fees or costs pursuant to Federal Rule of Civil Procedure 54(d),

Defendant is free to file a separate application in accordance with the directives set forth above.

An appropriate Order accompanies this Opinion.


Date:  February 18, 2015

<u>s/ Jose L. Linares</u>
Jose L. Linares
United States District Judge